HATTIE W. TOTMAN, *Complainant, versus* FREDERICK A. FORSAITH.

The complainant in a bastardy process need not state during travail the time and place when and where the child was begotten.

ON EXCEPTIONS.

COMPLAINT under the statute relating to bastard children, &c., entered in the Superior Court for Cumberland county and certified to this Court in accordance with the Public Laws of 1868, c. 161, § 7.

At the trial in the Superior Court, at the Sept. term, 1868, before GODDARD, J., Lucy A. Hill, called by the complainant, testified that she was present during the travail of the complainant, and heard her then accuse the respondent of being the father of her child; but that the complainant did not then and there state the time and place when and where the child was begotten.

The respondent's counsel requested the presiding Judge to instruct the jury that, to entitle the complainant to recover, she should during travail not only have accused the respondent of being the father of the child, but also have then stated the time and place when and where the child was begotten; the latter clause of the requested instruction the presiding Judge declined to give. But the Judge did instruct the jury that they must be satisfied that, being put upon the discovery of the truth during the time of her travail, the complainant accused the respondent of being the father of the child of which she was about to be delivered, and that she has been constant in the accusation.

The verdict was for the complainant, and the respondent alleged exceptions.

*J. D. Simmons,* in support of the exceptions.

*H. Orr,* for the complainant.

Coffin *v.* Coffin.

APPLETON, C. J.—The statute relating to "Bastard Children and their maintenance," c. 97, requires that the complainant, "being put, on the discovery of the truth during the time of her travail," should accuse the person charged "of being the father of the child," and should remain "constant in such accusation." It is not necessary that the accusation should have been in answer to any inquiry by others, nor that she should expressly declare in the time of her travail that the respondent was the father of the child; if in any form she should intelligibly mention the fact, it is an accusation within the statute. *McManagil* v. *Ross*, 20 Pick., 99; *Bailey* v. *Chesley*, 10 Cush., 285.

In her accusation and examination before the magistrate, she is required to state "the time and place when and where the child was begotten, as correctly as they can be described." The complainant is not to be examined as to "the time and place," during the pangs of child-birth, nor is she required to do more at that time than to accuse the respondent of being father of the child. This she did, and, having so done, has fully complied with the requirements of the statute.                *Exceptions overruled.*

CUTTING, KENT, WALTON, DICKERSON, DANFORTH and TAPLEY, JJ., concurred.